**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MYRON RAY CARTER,

      Plaintiff-Appellant,

v.

WARREN T. DIESSLIN; JOHN
STARK; JON JOHNSON; WILLIAM
BRUNELL; WARREN LEONARD;
MARY STOUT; PATRICIA L.
MCCARTHY; KENT JOHNSON;
GARY CROWDER; MARCUS
WARD; FRANK M. SMITH;
WILLIAM TURNER; TERI REED;
SUSAN MILLER; FAIRE FEAZ,
"John Does" and other unnamed and
unknown agents of the Buena Vista
Correctional Facility, or successors in
office, individually and in their
official capacities,

      Defendants-Appellees.

No. 99-1118
(D.C. No. 93-D-2247)
(D. Colo.)

---

ORDER AND JUDGMENT  *

---

Before **BALDOCK** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Myron R. Carter appeals from the district court 's judgment granting summary judgment to defendants on his civil rights claims filed pursuant to 42 U.S.C. § 1983. [1] He has also moved for leave to proceed without prepayment of fees; that motion is granted.[2] On appeal, plaintiff contends that the district court erred in granting summary judgment to defendants because his complaint and affidavit allege sufficient specific facts supporting his claims of denial of access to the courts, wrongful and retaliatory disciplinary hearings,

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] Plaintiff has consented to disbursement of partial payments of the filing fees from his prison account. He must pay $105.00 to the clerk of the district court. His custodian shall, within thirty days of the date of this order, deduct and pay to the clerk of the United States District Court for the District of Colorado an amount equal to twenty percent of the greater of--

A) the average monthly deposits to his account, or

B) the average monthly balance in his account for

the six-month period immediately preceding filing
of the notice of appeal in this case.

In either event, plaintiff's custodian shall forward payments from plaintiff's account equal to twenty percent of the preceding month's income each time the account exceeds $10.00 until the filing fees are paid in full. The clerk of this court is directed to serve a copy of this order on plaintiff's custodian forthwith.

failure to protect him from harm, racial harassment and retaliation, wrongful change of cell assignment, wrongful termination, wrongful withholding of funds, and civil conspiracy. He also contends that the district court erred in disallowing his discovery requests based on defendants' qualified immunity defense. Finally, he asserts error in the court's denial of his motion to amend his complaint to add new claims and defendants. [3]

We review the district court's grant of summary judgment de novo, applying the same standards as the district court pursuant to Fed. R. Civ. P. 56(c). *See Dodge v. Cotter Corp.,* 203 F.3d 1190, 1201 (10th Cir. 2000). The district court's rulings regarding plaintiff's discovery requests and his motion to amend his complaint are reviewed only for abuse of discretion. *See Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1386 (10th Cir. 1994); *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997).

After careful consideration of plaintiff's arguments together with defendants' response, the record on appeal, [4] and the applicable law, we conclude

---

[3] In connection with his motion to amend before the district court , plaintiff sought to add an additional plaintiff, Ms. Betty A. James, to his suit. Although the district court denied his request, Ms. James' name was included in plaintiff's notice of appeal. Upon this court's order to show cause, Ms. James has filed a "motion to dismiss notice of appeal," essentially asking this court to dismiss her from the case. The motion is granted; Ms. James is dismissed as a nonparty.

[4] Defendants suggest that we dismiss this appeal because plaintiff's appendix is deficient. *See* Appellees' Br. at 6. In turn, plaintiff asserts that we should

(continued...)

that the district court correctly decided this case. Therefore, for substantially the same reasons as set forth in the magistrate judge's recommendation dated January 13, 1998, and the district court 's order dated February 12, 1999, the judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[4](...continued)
strike defendants' brief as untimely filed. *See* Reply Br. at 3. There is no basis for plaintiff's assertion; defendants' brief was timely filed as scheduled on our docket. We decline defendants' invitation to dismiss on technical grounds because their supplemental appendix provides the necessary documents. *See* *O'Dell v. Shalala*, 44 F.3d 855, 857 n.2 (10th Cir. 1994) (stating that court chose to address case on the merits where, although record was inadequate, excerpts were sufficient to support the agency's determination).